### INHABITANTS OF MANCHESTER *versus* INHABITANTS OF WEST GARDINER.

By R. S., c. 24, § 1, when part of a town is set off from it and annexed to another, the settlement of a person absent at the time of such annexation is not affected thereby.

Where the Act, annexing a portion of one town to another, provides that, " all persons chargeable as paupers, having a legal settlement in the territory hereby set off, shall, on the passage of this Act, have a legal settlement in the town" to which the new territory is annexed, the settlement of a person not " chargeable as a pauper" " on the passage of the Act" is not affected thereby.

ON FACTS AGREED.

The facts appear in the opinion.

*G. C. Vose,* for the plaintiffs.

*L. Clay,* for the defendants.

APPLETON, C. J.—By c. 625 of the special Acts of 1856, a part of the town of Litchfield was set off therefrom and annexed to the defendant town. The pauper, Caroline Howard, whose support is in controversy, " at the time of the passage of the Act had her legal settlement upon the territory set off, but was not then present or residing upon said territory or in either of said towns."

A distinction was early taken between the division of a town and the separation of a part from one and its annexation to another town. In the former case, those absent from the town which is divided at the time of its division, but having their last dwelling-place on the portion constituting the new town, follow the territory and acquire a settlement in the new town thus created, though absent therefrom. In the case of annexation, the settlement of no persons is transferred to the town to which the annexation is made, unless they have a settlement in the town from which the territory is taken, and *actually* dwell on the territory at the time of its separation. *Hallowell* v. *Bowdoin,* 1 Maine, 129; *New Portland* v. *Rumford,* 13 Maine, 299; *Starks* v. *New Sharon,* 39 Maine, 369. In the last case, an attempt was made to overrule the previous decisions on this subject, but the majority of the Court adhered to the doctrine of *stare decisis.*

In the revision of the statutes in 1857 these distinctions are recognized and affirmed. By c. 24, § 1, rule 4, " upon division of a town, a person having a settlement therein, and absent at the time, has his settlement in that town which includes his last dwelling-place in the town divided. When part of a town is set off from it and annexed to another, the settlement of *a person absent at the time of*

*such annexation is not affected thereby.*" Caroline Howard was thus absent, and her settlement is not affected by the set-off, but remains in the town from which the set-off was made, it being admitted that she had acquired previously a settlement therein and had not gained a new one.

The general rule, to which reference has been had, is not changed or modified, so as to affect the settlement of the pauper, by § 4 of the Act by which the set-off is made, which is as follows : — " All persons chargeable as paupers, having a legal settlement on the territory hereby set off, shall *on the passage of this Act* have a legal settlement in the town of West Gardiner." But Caroline Howard was *not* chargeable as a pauper " on the passage of this Act." She was *not* residing in the town from which the set-off was made, nor was she *then* chargeable as a pauper. The design of this section was to fix the settlement of those then *actually* chargeable, as in *Clinton* v. *Benton*, 49 Maine, 550.

A father is not to be made a pauper by supplies furnished a child not a member of his family nor under his control. *Dixmont* v. *Biddeford*, 3 Greenl., 205 ; *Hallowell* v. *Saco*, 5 Greenl., 143 ; *Raymond* v. *Harrison*, 2 Fairf., 190 ; *Bangor* v. *Readfield*, 32 Maine, 60. It does not appear that Caroline Howard has had a family since 1852, or that her son George was under her control, but the reverse we think is fairly inferrible. It is unnecessary to consider the effect of supplies furnished a child, when a part of the family of a widowed mother and under her control, upon her settlement. The facts which might render the examination of such a question important do not exist in the case at bar.

*Plaintiff nonsuit.*

CUTTING, WALTON, DICKERSON and BARROWS, JJ., concurred.

DANFORTH, J., did not sit.